UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carlos G.R.L.,

           Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

           Respondents.

Civil No. 26-1049 (DWF/DJF)

MEMORANDUM OPINION AND ORDER

## INTRODUCTION

This matter is before the Court on Petitioner Carlos G.R.L.'s petition for a writ of habeas corpus alleging that he is in custody in violation of the Constitution and laws of the United States (the "Petition") (Doc. No. 1) and emergency motion to show cause (Doc. No. 4). Respondents oppose the Petition but do not address the motion to show cause. (Doc. No. 5.) For the reasons set forth below, the Court grants the Petition, orders Respondents to immediately release Petitioner, and grants Petitioner's motion to show cause.

## BACKGROUND

Petitioner is a citizen of Ecuador and resident of Minneapolis, Minnesota. (Doc. No. 1 ¶¶ 7, 12.) Petitioner has lived in the United States since February 2024. (*Id.* ¶ 12.)

Upon arrival to the United States, Petitioner presented himself at the border, and he was released with a notice to appear. (*Id.* ¶ 13.) He does not have a final order of removal, and his removal proceedings are pending before the immigration court. (*Id.*) Petitioner lives with his domestic partner, and he is a father of four children—two of whom live in Minneapolis, Minnesota. (*Id.* ¶ 14.)

U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner on February 4, 2026. (*Id.* ¶ 15.) Petitioner was parked on the side of the road when two SUVs and a sedan surrounded his vehicle and six ICE agents emerged. (*Id.*) Petitioner tried to run into a home, but an ICE agent grabbed him, at which point Petitioner did not resist. (*Id.* ¶ 16.) The agents did not ask for Petitioner's identification and did not present him with a warrant. (*Id.* ¶ 17.) The agents also attempted to gain access to the home that Petitioner tried to enter without a warrant, but they were unsuccessful. (*Id.* ¶ 18.) Petitioner was brought to the Whipple Federal Building at Fort Snelling in Minnesota. (*Id.* ¶¶ 7, 19.)

Petitioner filed the Petition on February 4, 2026. (*Id.* at 17.) Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. (*Id.* ¶¶ 33-49.) Petitioner requests, among other things, immediate release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226 within seven days. (*Id.* at 16.) On February 4, 2026, the Court ordered Respondents to answer the Petition on or before February 6, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this

District pending further order. (Doc. No. 3.)[1] On February 5, 2026, Petitioner filed an emergency motion to show cause, stating that Respondents moved Petitioner to a detention facility in Texas in violation of the Court's February 4th Order. (Doc. No. 4.) Specifically, at the time that motion was filed, Petitioner was located at a detention center in El Paso, Texas. (Doc. No. 4 at 2.) Respondents timely filed a form response to the Petition but did not address the issue of whether Petitioner was transferred after the Court specifically ordered Respondents not to move Petitioner and, therefore, whether Respondents were in violation of the Court's Order. (Doc. No. 5.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a form response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and pointing the Court to their

---

[1] At the time the Petition was filed, Petitioner had been brought to the Whipple Building at Fort Snelling in Minnesota, and at 4:32 p.m. CT on February 4, 2026, the ICE Detainee Locator indicated "Call ICE For Details" as Petitioner's current detention facility. (Doc. No. 1 ¶¶ 19, 20.)

3

arguments in a pending Eighth Circuit case: *Avila v. Bondi*, No. 25-3248. (*See* Doc. No. 5.) As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for two years. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detainment. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's

4

detainment and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 5). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

In addition, the Court is troubled by Respondents' potential noncompliance with its February 4th Order, wherein the Court specifically enjoined Respondents from moving Petitioner from this District pending further orders from the Court. In its motion to show cause, Petitioner laid out a plausible timeline where Petitioner was moved to a detention facility in Texas *after* the Court prohibited just that. (*See* Doc. No. 4.) Respondents have not contested that timeline. Therefore, the Court will grant Petitioner's motion to show cause as detailed below.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner:

   a. In Minnesota;

   b. With all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone;

   c. Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll and complete an "Alternatives to Detention" program;

   d. Without any tracking devices; and

   e. With all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.

6. Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

7. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

8. Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

9. Petitioner's emergency motion to show cause (Doc. No. [4]) is **GRANTED** as follows:

  a. By 12:00 p.m. CT on Tuesday, February 17, 2026, Respondents shall file a memorandum explaining their failure to comply with this Court's order dated February 4, 2026, by transferring Petitioner to Texas after its entry.  (Doc. No. [3].)  In the memorandum, Respondents shall:

    i. Outline the timeline from Petitioner's arrest to Petitioner's transfer to Texas;

    ii. Identify the official(s) responsible for Petitioner's transfer from Minnesota to Texas;

    iii. Attach any documentation of Petitioner's transfer;

    iv. Produce any documentation of policies, processes, and procedures for transferring individuals detained as a part of Operation Metro Surge outside of Minnesota; and

    v. Show cause why further remedial action should not be imposed.

  b. Petitioner may file a reply by 12:00 p.m. CT on Friday, February 20, 2026.

  c. The Court will determine whether a hearing is necessary after this matter is fully brief.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 9, 2026      s/Donovan W. Frank
                DONOVAN W. FRANK
                United States District Judge